UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Tracy Sharon Webb

    Debtor.

Bky. No. 19-31734-WJF

---

Hiway Federal Credit Union,

    Plaintiff,

v.

Tracy Sharon Webb,

    Defendant.

Adv. No. _____

**COMPLAINT TO DETERMINE DISCHARGEABILITY**

PLAINTIFF HIWAY FEDERAL CREDIT UNION FOR ITS COMPLAINT AGAINST THE DEFENDANT TRACY SHARON WEBB, STATES AND ALLEGES AS FOLLOWS:

**JURISDICTION**

1.    This Complaint is filed under Bankruptcy Rule 7001; the action arises under 11 U.S.C. §523(a).  The Petition commencing this Chapter 13 Case was filed on May 29, 2019, and is now pending before this Court.  This Court has jurisdiction over and the power to hear and finally determine all issues hereunder pursuant to 28 U.S.C. §1334 and §157 and Local Rules 1002-1 and 1075-1.  This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

1

## PARTIES

2. Hiway Federal Credit Union (hereinafter "**Plaintiff**") is a federally chartered credit union with its principal place of business located at 111 Empire drive, St. Paul, MN 55103.

3. Tracy Sharon Webb (hereinafter "**Defendant**"), is an individual who, upon information and belief, resides at 1289 Fireside Court, Shakopee, MN 55379 and is consumer and debtor within the scope and purview of the Bankruptcy Code.

## FACTS

4. This is an action brought by the Plaintiff to determine that the claim held by Plaintiff against Defendant is excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A).

5. Defendant duly applied for and obtained from Plaintiff a Visa Line of Credit Agreement pursuant to which Defendant could, from time to time, obtain credit and cash advances from Plaintiff.

6. Within seventy days before Defendant obtained an order for relief in this case, obtained the following cash advances from Plaintiff on the Visa Line of Credit Agreement:

| Date of Cash Advance | Amount of Cash Advance |
|---|---|
| March 29, 2019 | $303.00 |
| April 12, 2019 | $603.00 |
| April 12, 2019 | $403.00 |
| April 12, 2019 | $803.00 |
| April 13, 2019 | $503.00 |
| April 13, 2019 | $403.00 |
| April 13, 2019 | $503.00 |
| April 21, 2019 | $803.00 |
| April 21, 2019 | $1,003.00 |
| April 21, 2019 | $803.00 |
| April 21, 2019 | $603.00 |
| April 27, 2019 | $303.00 |

|                  |          |
|------------------|----------|
| April 29, 2019   | $503.00  |
| April 29, 2019   | $303.00  |
| April 29, 2019   | $503.00  |
| April 29, 2019   | $503.00  |
| April 30, 2019   | $403.00  |
| April 30, 2019   | $403.00  |
| April 30, 2019   | $403.00  |
| April 30, 2019   | $403.00  |

7.  The above-referenced cash advances in the aggregate sum of $10,460.00 were obtained by Defendant pursuant to an extension of consumer credit under an open-end line of credit within seventy days of filing bankruptcy, which cash advances are presumed to be non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(C).

8.  After giving Defendant credit for all payments and offsets, there is due and owing from Defendant to Plaintiff on the Visa Line of Credit Agreement the sum of $5,441.87 together with interest accruing thereon at the rate of 11.90% per annum from and after May 19, 2019 and together with Plaintiff's costs of collections, including reasonable attorneys' fees.

9.  Through her Chapter 13 Bankruptcy Petition, Defendant is seeking to discharge her obligation to repay Plaintiff on the Visa Line of Credit Agreement.

10. When Defendant obtained the cash advances on the Visa Line of Credit Agreement she made the implied representation to Plaintiff that she intended to repay the amounts advances.

11. Defendant's representations of her intent to pay were falsely and fraudulently made when she filed bankruptcy seeking to discharge her obligations on the Visa Line of Credit shortly after obtaining the advances.

12. By the express terms of the Visa Line of Credit Agreement, interest continues to accrue on the cash advances at the rate of 11.90% per annum.

13.     By the express terms of the Visa Line of Credit Agreement, Defendant promised in the event of any default under the terms of the agreement to pay all Plaintiff's costs of collections, including reasonable attorneys' fees.

14.     Defendant is in default under the terms of the Visa Line of Credit Agreement for failing to make payments as they came due.

## CAUSE OF ACTION

## COUNT ONE
## 11 U.S.C.§ 523(a)(2)(A) - FALSE PRETENSES,
## FALSE REPRESENTATIONS OR ACTUAL FRAUD

15.     Plaintiff restates and re-alleges the allegations set forth in Paragraphs 1 - 14.

16.     Defendant obtained cash advances from Plaintiff knowing that she had no intention to repay the amounts advanced.

17.     Defendant obtained cash advances from Plaintiff shortly before her bankruptcy filing with the intention and purpose of deceiving Plaintiff.

18.     Plaintiff reasonably and justifiably relied upon Defendant's representations that she intended to repay the amounts advanced.

19.     As a direct result of Defendant's false representations and actual fraud, Plaintiff sustained loss and damages in the amount of $5,441.87 together with interest accruing thereon at the rate of 11.90% per annum from and after May 19, 2019 and together with Plaintiff's costs of collections, including reasonable attorneys' fees

**WHEREFORE**, Plaintiff demands relief against Defendant as follows:

1. An Order declaring her indebtedness to Hiway Federal Credit Union on the Visa Line of Credit Agreement, in the sum of $5,441.87 together with interest accruing thereon at the rate of 11.90% per annum from and after May 19, 2019, non-dischargeable in the Bankruptcy proceedings and awarding Plaintiff's costs and reasonable attorney's fees.

2. For such other and further relief as the Court shall deem just and equitable.

Dated: August 23, 2019                               **SEILERSCHINDEL, PLLC**

By: __/e/ Daniel M. Duffek__
Daniel M. Duffek, #388297
5901 Cedar Lake Road
Minneapolis, MN   55416
Telephone: (612) 253-6970
dduffek@seilerschindel.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Tracy Sharon Webb,

    Debtor.

Bky. No. 19-31734-WJF

---

Hiway Federal Credit Union,

    Plaintiff,

v.

Tracy Sharon Webb,

    Defendant.

Adv. No. _____

## VERIFICATION

Dean Warzala, being duly sworn on oath, deposes and states that I am the Senior Vice President of Lending for Hiway Federal Credit Union, Plaintiff in the above-captioned adversary proceeding. I have read the foregoing Adversary Complaint, and know the contents thereof to be true and correct to the best of my knowledge, information and belief.

Date: 8/22/2019

_____
Dean Warzala

Subscribed and sworn before me
this 22nd day of August, 2019

_____
Notary Public

MAI NHIA LEE
Notary Public-Minnesota
My Commission Expires Jan 31, 2023

1